ROBERT A. DUNN, WSBA No. 12089
RYAN D. POOLE, WSBA No. 39848
DUNN & BLACK, P.S.
111 North Post, Suite 300
Spokane, WA 99201-0907
Telephone: (509) 455-8711
Facsimile: (509) 455-8734
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

BRANDON FILION and RANDI FILION, husband and wife,

    Plaintiffs,

v.

NATIONWIDE E&S/SPECIALTY INSURANCE COMPANY, a foreign insurance company, CORPORATIONS A through E, and JOHN/JANE DOES 1 through 10,

    Defendants.

NO.

**COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**

Plaintiffs Brandon Filion and Randi Filion, by and through their attorneys Ryan D. Poole and Robert A. Dunn of Dunn & Black, P.S., allege as follows:

## I. PARTIES, JURISDICTION AND VENUE

1. Plaintiffs Brandon Filion and Randi Filion ("the Filions") are now and at all times relevant hereto were residents of Spokane County, Washington.

COMPLAINT FOR DAMAGES- 1

They are assignees of CTGI Investments, LLC, a Washington limited liability company, d/b/a CTGI Construction ("CTGI"), and Craig Monk ("Monk") of the claims alleged herein against Defendant. The Filions were awarded a judgment ("Judgment") against CTGI in a lawsuit (Underlying Suit) in Spokane County Superior Court, Case Number 18-2-00019-4, which is attached hereto as **Appendix A**.

2. Based on information and belief, Defendant Nationwide E&S/Specialty Insurance Company is owned and/or operated by Nationwide Insurance Company and/or Nationwide Mutual Insurance Company and/or Nationwide Property and Casualty Insurance Company and/or some other "Nationwide" insurance entity, and all of these companies conduct business in Washington. Based on information and belief, and information available from the Washington State Office of the Insurance Commissioner, Defendant has a principal place of business in Ohio, but does business across the United States, and to include in Spokane County, Washington.

3. Defendant Corporations A through E and Does 1 through 10 are entities and persons unknown at this time. Upon information and belief, Plaintiffs allege there may be other persons, partnerships and/or corporations having responsibility and/or liability in connection with the claims for damages in this case, and whose true identity is not presently known to Plaintiffs. The other

COMPLAINT FOR DAMAGES- 2

persons that may be responsible and/or liable, personally, could include those persons, including any adjuster and/or claim handling person, involved in any of the evaluation, investigation and handling of the subject insurance claim made to Defendant. When any such identity becomes known, these pleadings will be amended to reflect such correct identity.

4. Material acts complained of herein occurred within Spokane County, Washington.

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is diversity, with this controversy being between citizens and a corporate entity of differing states, and the amount in controversy exceeding the sum or value of $75,000, exclusive of interest and costs.

6. Jurisdiction is also proper over Defendant under RCW 4.28.185. Defendant, at all times material, has had continuous, systematic contacts, to include business contacts, with Washington.

7. Jurisdiction over Defendant is also appropriate because it initiated purposeful contact with the state of Washington and of such a quality that the contact indicates Defendant could foresee the possibility of having to defend in a court in Washington. The Filions' claims arise, to a material degree and at least in part, from Defendant's contact with the state of Washington. Further, the exercise of jurisdiction is reasonable considering any balancing of interests and

COMPLAINT FOR DAMAGES- 3

**Dunn&Black**
A Professional Service Corp.
111 North Post, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

any claimed burden on the part of Defendant for having to defend in Washington. Jurisdiction over Defendant named herein does not offend due process or any notion of fair play and substantial justice.

8. Venue is proper in this Court under 28 U.S.C. § 1391, to include under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to this controversy and the Underlying Suit occurred in this District.

## II. FACTS

9. Plaintiffs incorporate by reference, and to be considered as fully set forth herein, the preceding paragraphs.

10. Defendant issued CTGI and Monk an insurance policy (the "Policy") providing for a defense and indemnity for the claims made against CTGI and Monk in the Underlying Suit, and the related Judgment. One such policy issued by Defendant to CTGI and Monk is under Policy Number CPS2623633, which was in effect from February 12, 2017, to February 12, 2018.

11. CTGI and Monk were doing business in residential construction in Spokane County Washington, under the laws of the state of Washington, at all relevant times. CTGI and Monk were insureds at the times relevant herein under a policy of insurance issued by Defendant.

COMPLAINT FOR DAMAGES- 4

12. On or around March 16, 2017, the Filions entered into a construction contract in which CTGI and Monk agreed to act as general contractor to construct the Filions' residence. Subsequently, actions and omissions by CTGI and Monk caused property damage to the Filions' property, to include their real property.

13. CTGI and Monk had insurance protection to cover the injury and damage caused to the Filions' property, to include their real property, through Defendant.

14. On or about January 3, 2018, the Filions filed the Underlying Suit in Spokane County Superior Court alleging claims against CTGI and Monk. The Underlying Suit contained allegations of property damage caused by the actions and omissions of CTGI and Monk, with such damage being covered by the insurance issued by Defendant to CTGI and Monk.

15. CTGI reported the Underlying Suit to Defendant in a timely manner and cooperated, or otherwise was ready and willing to cooperate, with Defendant at all material times. CTGI and Monk complied with any and all conditions of the Policy.

16. The Underlying Suit contains allegations that trigger, and did trigger, Defendant's duty to defend under the Policy.

17. The Underlying Suit contains allegations that trigger, and did trigger, Defendant's duty to indemnify under the Policy.

COMPLAINT FOR DAMAGES- 5

18. Defendant was in receipt of a copy of the Complaint for the Underlying Suit in advance of December 4, 2017. In a letter from Defendant dated December 4, 2017, attached hereto as **Appendix B**, sent by Defendant's representative, Defendant stated that it is not obligated to defend or indemnify in relation to the Underlying Suit, and therefore would not defend or indemnify.

19. Defendant did not properly investigate, evaluate, communicate, negotiate, settle, pay, defend and/or otherwise properly handle the claims against CTGI and Monk in the Underlying Suit. Defendant refused to defend. Defendant refused to indemnify and failed to pay to settle within policy limits.

20. Defendant abandoned CTGI and Monk to confront the Underlying Suit without any insurance protection. Defendant caused CTGI to be exposed to expensive litigation, and to incur the related expense. Defendant caused CTGI and Monk to be exposed to, and to incur, liability for the Judgment entered in favor of the Filions in the Underlying Suit.

21. Insurance provided by Defendant, to include the Policy and/or another applicable policy issued by Defendant, provides coverage for the claims brought and alleged by Plaintiffs Filion against CTGI and Monk, and for the property damage and loss suffered by the Filions.

22. Defendant refused to defend CTGI and Monk in relation to the Underlying Suit.

COMPLAINT FOR DAMAGES- 6

23. Defendant refused to indemnify CTGI and Monk in relation to the Underlying Suit.

24. Defendant failed to defend CTGI and Monk in relation to the Underlying Suit despite claims alleged by the Filions against CTGI and Monk being covered by the Policy.

25. Defendant failed to indemnify CTGI and Monk in relation to the Underlying Suit despite claims alleged by the Filions against CTGI and Monk being covered by the Policy.

26. Defendant, having acknowledged CTGI and Monk were insureds under a policy issued by Defendant, wrongfully and unreasonably refused to defend and indemnify CTGI and Monk, to protect CTGI and Monk from exposure to expensive litigation and liability, to protect CTGI from the Judgment entered against it in the Underlying Suit, or otherwise provide any benefits under the Policy.

27. As a result of Defendant's refusal and failure to defend CTGI and Monk in the Underlying Suit, CTGI and Monk were left without a defense and exposed to expensive litigation, and they incurred related expense.

28. As a result of Defendant's refusal and failure to indemnify CTGI and Monk, they were also exposed to liability, to include a Judgment entered against CTGI and in favor of the Filions in the Underlying Suit.

COMPLAINT FOR DAMAGES- 7

29. Defendant's actions and omissions caused CTGI and Monk economic and non-economic damages, to include emotional distress.

30. The Filions, as assignees of CTGI and Monk, filed Notice under the Insurance Fair Conduct Act ("IFCA") on or about March 14, 2019. The IFCA Notice was properly served against Defendant on or about March 18, 2019. Defendant did not respond to the Notice in writing, or otherwise resolve the basis for the complaint, the IFCA Notice, or the claims alleged herein. The required waiting period, under RCW 48.30.015(8), following provision of the Notice has now expired, and the present claims under IFCA are properly commenced herein.

31. As assignees of CTGI and Monk, the Filions are first-party claimants against Defendant.

### III.　CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Declaratory Judgment)**

32. Plaintiffs incorporate by reference, and to be considered as fully set forth herein, the preceding paragraphs.

33. Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., Plaintiffs Filion request this Court declare Defendant owed a duty to defend CTGI and Monk from the claims made in the Underlying Suit, and owes, and owed, a duty of indemnification for damages and loss suffered by the

COMPLAINT FOR DAMAGES- 8

Filions, and to include an obligation to pay for the liability incurred by CTGI under the Judgment in the Underlying Suit.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

34. Plaintiffs incorporate by reference, and to be considered as fully set forth herein, the preceding paragraphs.

35. Nationwide's failure to provide CTGI a defense of the underlying suit and denying coverage under the policy is a breach of its obligations to timely investigate, defend, and pay claims in a timely manner and, therefore, a breach of the insurance contract.

36. Defendant's actions and omissions have resulted in the breach of express and implied terms of the insurance contract between Defendant and CTGI, and Monk.

37. Defendant's actions and omissions have resulted in the breach of the reasonable expectations of its insureds, CTGI and Monk.

38. Defendant's failure to defend and indemnify CTGI and Monk is, and was, unreasonable, frivolous, and unfounded.

39. Defendant's actions and omissions constitute an unreasonable denial of coverage and benefits.

COMPLAINT FOR DAMAGES- 9

40. Defendant's actions and omissions in breach of the insurance contract caused injury and damages.

### THIRD CAUSE OF ACTION
### (Bad Faith – Breach of Good Faith Duty)

41. Plaintiffs incorporate by reference, and to be considered as fully set forth herein, the preceding paragraphs.

42. Defendant's actions and omissions breached its duty to act in good faith, to include, but not limited to, Defendant's refusal to defend CTGI and Monk, and the placing of its own financial interests ahead of those of CTGI and Monk.

### FOURTH CAUSE OF ACTION
### (Violation of the Insurance Fair Conduct Act (RCW 48.30 et seq.))

43. Plaintiffs incorporate by reference, and to be considered as fully set forth herein, the preceding paragraphs.

44. Nationwide's failure to defend and indemnify CTGI and Monk, to include the failure to pay to indemnify the amount of the Judgment in the Underlying Suit, constitutes an unreasonable denial of coverage, an unreasonable denial of a claim for benefits, and an unreasonable failure to pay, under RCW 48.30 et seq., IFCA, and related regulations.

45. Defendant's actions and omissions were unreasonable and in violation of RCW 48.30 et seq., IFCA, and related regulations, causing injury,

COMPLAINT FOR DAMAGES- 10

harm, and damages. Plaintiffs are entitled to compensation, including treble damages, attorneys' fees, costs, injunctive relief, and other relief as permitted by statute.

### FIFTH CAUSE OF ACTION
**(Violation of the Washington Consumer Protection Act (RCW 19.86 et seq.))**

46. Plaintiffs incorporate by reference, and to be considered as fully set forth herein, the preceding paragraphs.

47. Defendant's acts or omissions constitute unfair and deceptive acts or practices, in trade and commerce, that affect the public interest and that have proximately caused damage.

48. Defendant's acts or omissions violate specific unfair claims practices under WAC 284-30 et seq. and constitute per se violations of the CPA.

49. Defendant's actions and omissions in violation of RCW 19.86 et seq. causing injury, harm, and damages. Plaintiffs are entitled to compensation, including treble damages, attorneys' fees, costs, injunctive relief, and other relief as permitted by statute.

### SIXTH CAUSE OF ACTION
**(Negligence)**

50. Plaintiffs incorporate by reference, and to be considered as fully set forth herein, the preceding paragraphs.

COMPLAINT FOR DAMAGES- 11

**Dunn&Black**
A Professional Service Corp.
111 North Post, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

51. Defendant's actions as described herein were negligent and in violation of its duties to exercise reasonable care, causing injuries and damages.

### SEVENTH CAUSE OF ACTION
### (Estoppel)

52. Plaintiffs incorporate by reference, and to be considered as fully set forth herein, the preceding paragraphs.

53. As a result of its actions, omissions or conduct described herein, Defendant is estopped from denying or limiting coverage, or otherwise asserting any coverage defenses.

### IV.   DEMAND FOR JURY TRIAL

Under FRCP 38, Plaintiffs Filion request a jury trial with a jury of twelve (12) members.

### V.   RESERVATION

Plaintiffs Filion reserve the right to amend and/or supplement the foregoing Complaint as additional facts are obtained through discovery and/or investigation.

### VI.   REQUEST FOR JUDGMENT

Whereas, Plaintiffs Filion, as assignees of CTGI and Monk, request relief as follows:

1. Nationwide be estopped from asserting any coverage defenses;

COMPLAINT FOR DAMAGES- 12

2. For an award and entry of judgment against Defendant for all economic, non-economic and compensatory damages, as well as exemplary damages as may be warranted by Defendant's conduct;

3. For declaratory judgment in favor of Plaintiffs Filion, to include judgment that Defendant owed a duty to defend CTGI and Monk in the Underlying Suit;

4. For declaratory judgment in favor of Plaintiffs Filion, to include judgment that the Policy issued by Defendant to CTGI and Monk provides coverage for damages in the Underlying Suit;

5. For declaratory judgment in favor of Plaintiffs Filion, to include judgment that Defendant owes a duty of indemnification, and CTGI and Monk are entitled to indemnity by Defendant, for claims and allegations of damage and/or loss suffered by Plaintiffs Filion;

6. For declaratory judgment in favor of Plaintiffs Filion, to include judgment that Defendant is obligated to pay the amount of the Judgment in the Underlying Suit;

7. For judgment against Defendant for general and special damages in an amount to be proved at trial, including treble damages permitted pursuant to RCW 48.30.015, and RCW 19.86.090;

COMPLAINT FOR DAMAGES- 13

8. For judgment that Plaintiffs Filion are entitled to execute on the Policy for the Judgment awarded in the Underlying Suit to the Filions against CTGI and all amounts owed;

9. For an award of the amounts incurred as costs and expenses to CTGI and Monk in the Underlying Suit;

10. For judgment that Plaintiffs Filion are entitled to injunctive relief against Defendant restraining and prohibiting it from practicing similar conduct, acts and omissions as alleged herein;

11. For disgorgement for any payments made to Defendant by CTGI and Monk;

12. For an award of Plaintiffs Filion's attorney fees and costs in this action, including an award of attorney fees under all applicable case law (to include Olympic Steamship v. Centennial Ins. Co., 117 Wn.2d 37 (1991)) and statutes or any other legal and/or equitable grounds;

13. For pre- and post-judgment interest; and

14. For other relief as provided by statute, law, contract and/or is just and equitable under the circumstances.

COMPLAINT FOR DAMAGES- 14

**Dunn&Black**
A Professional Service Corp.
111 North Post, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

DATED this 6th day of May, 2019.

                DUNN & BLACK, P.S.

                s/ RYAN D. POOLE
                RYAN D. POOLE, WSBA No. 39848
                ROBERT A. DUNN, WSBA No. 12089
                Attorneys for Plaintiffs
                Dunn & Black, P.S.
                111 North Post, Suite 300
                Spokane, WA 99201-0907
                Telephone: (509) 455-8711
                Fax:           (509) 455-8734
                Email:  bdunn@dunnandblack.com
                              rpoole@dunnandblack.com

COMPLAINT FOR DAMAGES- 15